IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| CLARENCE C. MOORE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV833–HEH |
| | ) | |
| RICHMOND NURSING HOME, | ) | |
| BORIS T. SIMMONS, | ) | |
| BERYL T. CARTER, | ) | |
| JOSE B. GOTAY, GENEVA AUSTIN, | ) | |
| and | ) | |
| MANNEL DEESE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
(Defendants' Motion to Dismiss)

This is an action seeking money damages for alleged violations of 42 U.S.C. § 1983. This matter is before the Court on Defendants' Motion to Dismiss pursuant to Rules 12(b)(6) and 12(b)(5) of the Federal Rules of Civil Procedure. Both parties have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons discussed herein, Defendants' Motion is granted.

## I.

Plaintiff appears to allege civil rights violations by Defendants based on events that occurred in 1983. According to the Complaint, on April 1, 1983, Clarence C. Moore ("Plaintiff"), an employee at the Richmond Nursing Home ("the Nursing Home"), was arrested by Boris T. Simmons, ("Officer Simmons"), a former Police Officer for the City of Richmond. Plaintiff was arrested at the Nursing Home and charged with the attempted murder of another Nursing Home employee. Plaintiff claims that at the time of his arrest Officer Simmons denied him the right to tell his side of the story to his co-workers. Following his arrest, Plaintiff was suspended indefinitely from employment with the Nursing Home. On April 25, 1983, Plaintiff filed a grievance with the City of Richmond claiming that he was denied the constitutional right to tell his side of the story during the arrest.

On November 11, 2010, twenty-seven years after his arrest, Plaintiff, proceeding *pro se*, filed this Complaint against Officer Simmons,[1] the Nursing Home, and numerous other former employees of the Richmond Nursing Home and the City of Richmond (collectively referred to as "Defendants"). Although much of the Complaint is difficult to discern, the Court will liberally construe Plaintiff's Complaint, as the Fourth Circuit has instructed.[2] Accordingly, Plaintiff's Complaint will be construed as a claim under 42 U.S.C. § 1983. Plaintiff alleges that his grievance against the Nursing Home for wrongful termination was mishandled, which

---

[1] Both parties concede that Officer Simmons died on or about July 7, 2001.
[2] *See Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

2

violated his civil rights under § 1983. As a result of this violation, Plaintiff seeks $15,000,000 in damages.

Defendants urge this Court to dismiss Plaintiff's claims on the basis that: (1) the § 1983 claim is barred by a two-year statute of limitations which began to accrue in 1983—the day the arrest occurred; and (2) Defendant failed to name and serve the correct defendants because the City of Richmond is the proper party to serve in this matter, not the parties that Plaintiff has named in his Complaint.

In his response to the Motion to Dismiss, Plaintiff did not directly address Defendants' arguments. Instead he reiterated his claims from his Complaint, and included citations to inapplicable case law. At no point in his memorandum does Plaintiff offer any cognizable response to Defendants' arguments.

## II.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; . . . it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), amplified this standard, noting that, to survive a motion to dismiss, a complaint must contain sufficient factual information "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. While it does not require "detailed factual allegations," *Twombly* held that Rule 8 of the Federal Rules of Civil Procedure does demand that a plaintiff

3

provide more than mere labels and conclusions stating that the plaintiff is entitled to relief. *Id.* at 55, 127 S. Ct. at 1964-65. Thus, a complaint containing facts that are merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief. *Id.* at 557, 127 S. Ct. at 1966. Rather, a complaint achieves facial plausibility when it contains sufficient allegations supporting the reasonable inference that the facts alleged support an actionable claim. *Id.* at 556, 127 S. Ct. at 1965; *see also Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

This analysis is context specific and requires the "reviewing court to draw on its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). The *Giacomelli* Court also stressed that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955). Additionally, in considering Defendants' motion, the Court assumes the facts alleged in the Complaint are true and draws all reasonable factual inferences in the nonmovant's favor. *Edwards*, 187 F.3d at 243.

### III.

"There is no federal statute of limitations for § 1983 claims, so the state limitations period which governs personal injury actions is applied." *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991) (*citing Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). The statute of limitations for personal injury

4

claims in the Commonwealth of Virginia is two years. Va. Code Ann. § 8.01-243A. Thus, the applicable statute of limitations period in this case is two years.

The question of when a § 1983 cause of action accrues is determined by federal law. *Nassim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Generally, "[u]nder federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.*

According to his Complaint, Plaintiff learned of all the relevant facts in this matter in 1983. The Complaint alleges that Plaintiff filed a grievance against the Nursing Home in 1983 (Compl. 15)[3], and that this grievance was mishandled by the City of Richmond in 1983. (Compl. 6). Plaintiff thus possessed sufficient facts about the alleged harm done to him in 1983. However, because a criminal proceeding based on the same facts that gave rise to this civil suit was commenced against Plaintiff, the limitations period did not begin to run until those criminal proceedings were finalized. Section 8.01-229K of the Code of Virginia provides for a suspension of the statute of limitations during criminal proceedings that arise out of the same facts as the civil suit, but the suspension of the limitations period ends once a final judgment or final disposition of any direct appeal in the criminal case has occurred. *See* Va. Code Ann. § 8.01-229K.

---

[3] Plaintiff did not number the paragraphs in his Complaint. The Court will therefore cite the Complaint according to the CM/ECF page numbers.

5

Plaintiff admits that the appeal of his criminal conviction was denied on March 26, 1984 by the Supreme Court of Virginia, and he attached the certificate as an exhibit to his Complaint. (Compl. 29). Under § 8.01-229K, the two-year limitations period therefore began to run on March 27, 1984, the day after the appeal was denied. Plaintiff's Complaint, filed more than twenty years later, is thus time barred. For this reason, Defendants' Motion to Dismiss is granted.[4]

## IV.

For the reasons stated above, Defendant's Motion to Dismiss is granted. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Feb. 10, 2011
Richmond, VA

---

[4] Defendants also advance the argument that the Complaint should be dismissed under Rule 12(b)(5) for insufficient service of process. That argument appears to have merit but the Court need not reach it.